THE TOWN OF WAYNE, RESPONDENT, *v.* WILLIAM M. SHERWOOD, ADMINISTRATOR, ETC., OF HENRY SHERWOOD, DECEASED, APPELLANT.

*Commissioners to issue town bonds — power of, to impose conditions — chap.* 507 *of* 1870, *and chap.* 925 *of* 1871.

In 1872 the county judge of Steuben county, in pursuance of a petition duly presented to him, appointed commissioners to issue the bonds of the town of Wayne and subscribe for the stock of the Sodus Bay and Corning R. R. Co., to the amount of $30,000. To induce the commissioners to issue the bonds, defendant's intestate, who was the president of the road, entered into an agreement with the commissioners, by which it was agreed that the road should be constructed and finished through the town, and, in case it was not, that the bonds should be delivered up, and the town should not suffer any loss, or be compelled to pay any sum by reason of them. The road not having been so constructed, and the bonds having passed into the hands of *bona fide* holders, this action was brought to recover damages for a breach of the agreement. *Held*, that as the bonds were delivered, the agreement was not one restraining the *issue* of the bonds until certain things had been done by the company, such as was authorized by chapter 507 of 1870, as amended by chapter 925 of 1871; that there was no authority in the commissioners to require the road, or any person acting in its behalf, to enter into the agreement which was made, and that it was, therefore, void and incapable of enforcement.

APPEAL from an order overruling a demurrer to the complaint.

*E. D. Mills and George B. Bradley*, for the appellant. The commissioners had no right or authority to require or take any consideration, by way of contract or otherwise, as an inducement to the performance of their duty. And any contract or condition not authorized by the statute was and is utterly void. (*Webb* v. *Albertson*, 4 Barb., 51; *Palmer* v. *Fort Plain, etc., Plank R. Co.*, 1 Kernan, 376, 386; *McGuire* v. *Smock*, 42 Ind., 1; *Fowler* v. *Scully*, 72 Penn. St., 456; 12 Cush., 594; 18 Pick., 472; *Macedon & B. Plank R. Co.* v. *Snediker*, 18 Barb., 317, 319.) The town has no inherent power to become a stockholder of a railroad company. And when vested with power in that respect it takes none other than such as is specifically given by the statute conferring the power, and can make only such contracts in relation to the stock or bonds as the statute prescribes.

(*Town of Verona* v. *Peckham*, 66 Barb., 103; *Lorillard* v. *Town of Monroe*, 1 Kernan, 394; *Halstead* v. *The Mayor, etc.*, 3 Comst., 433; *Hodges* v. *City of Buffalo*, 2 Denio, 110; Dillon on Municipal Corporations, §§ 381, 382, 749; *The Mayor* v. *Ray*, 19 Wallace. 469, 475.) Treating the commissioners as officers of the town, or *quasi* such, the agreement of Henry Sherwood was taken by them in violation of their official duty, and of the statute, and is void. (2 R. S., 286, § 59; *Webb* v. *Albertson*, 4 Barb., 51; *Palmer* v. *Fort Plain, etc., Plank Road Co.*, 1 Kernan, 376; Dillon on Municipal Corporations, § 382; 19 Wallace, 468.) The alleged agreement of defendant's intestate was without consideration to support it. There was no consideration of injury to the *legal* rights of the commissioners or of the town of Wayne. (*Converse* v. *Kellogg*, 7 Barb., 590, 598; *Pfeiffer* v. *Adler*, 37 N. Y., 164.) And the complaint does not show that the contracts of the commissioners and Sherwood were mutual or concurrent. (*U. & S. R. R. Co.* v. *Brinckerhoff*, 21 Wend., 139; *Macedon & B. P. R. Co.* v. *Snediker*, 18 Barb., 317, 319.)

*William Rumsey*, for the respondent. The defendant is estopped from saying that this contract is one which the town had not power to make. The contract, so far as the town is concerned, is an executed one. The town could not be compelled to deliver its bonds and take stock in the railroad company. To do this was a voluntary act on the part of the town, and it had a right to make any reasonable bargain for its safety. The giving of this bond, on the part of Mr. Sherwood, was a portion of the consideration on which the town acted in issuing its bonds and taking the stock of the railroad company. This action of the town was, doubtless, beneficial to Mr. Sherwood, and he was willing to assume the liability set out in the complaint. Upon the faith of that liability, the town consented that its bonds should go into the market. It has become responsible for their payment. (Bigelow on Estoppel, 424: Herman on Estoppel, 532, *et seq.*; *Whitney Arms Co.* v. *Barlow*, 63 N. Y., 62, 70, 71; *Bushnell* v. *Chautauqua Co. Nat. B'k*, 10 Hun, 378; *Williams* v. *F. T. A. Ass'n.*, 26 Ind., 310; 2 Kent's Com., 291, note 3 [11th ed.], marg.; *Oil Creek & All. R. R. Co.* v. *Penn.*

*Transp. Co.*, 15 Alb. Law Jour. 373; Green's Brice's, *ultra vires*, 375, n.) The contract was not void as taken *colore officie*. The prohibition of the statute is confined to public officers acting as such, and it avoids a bond which is taken by such an officer as an indemnity for a breach of his duty, or which is unlawful. (*Burrell* v. *Acker*, 23 Wend., 606, 608; *Winter* v. *Kinney*, 1 N. Y., 365, 368; *Decker* v. *Judson*, 16 N. Y., 439, 442; *State* v. *City of Buffalo*, 2 Hill, 434, 437.)

MULLIN, P. J.:

In February, 1872, the Sodus Bay & Corning Railroad Company was engaged in building a railroad between Sodus Bay and Corning. The route as located ran through the town of Wayne, in Steuben county. The taxpayers of said town had signed a petition in and by which they consented that the bonds of the town, to the amount of $30,000, should be issued, on which to raise money to aid in the construction of the road. The county judge appointed commissioners to prepare and issue the bonds of said town, and subscribe for the stock of the road to the amount of $30,000.

As an inducement to the commissioners to issue the bonds and subscribe for the stock of the company, and in consideration of such issue and subscription, the intestate, who was the president of said railroad company, made, executed and delivered to the commissioners an agreement under his hand and seal, whereby he undertook and agreed that the railroad should be constructed and finished through said town of Wayne; and, in case it should not be completed through said town, the bonds should be delivered up to the town, and it should not suffer any loss or be compelled to pay any sum by reason of the issuing of the bonds. This action is brought to recover damages for breach of said agreement.

The complaint sets out the foregoing facts, and alleges that the commissioners executed and delivered the bonds and subscribed for the stock of said company, and that the bonds were sold and delivered by the company to *bona fide* holders, and that, as against such holders, the town has no defense; that the the road has not been completed through the town of Wayne,

and the company has ceased to build it, and its interest in the road has been sold. It also avers that the town has paid the interest semi-annually on said bonds for a number of years to the holders thereof, and the plaintiff prays judgment for the interest thus paid in addition to the amount of the bonds.

The defendant, administrator of Henry Sherwood, who signed and delivered said contract, demurs to the complaint on three grounds:

First. Because the complaint does not state facts sufficient to constitute a cause of action.

Second. That plaintiff has no legal capacity to sue; and

Third. That plaintiff, being a municipal corporation, has no lawful right or legal capacity to have or maintain this action in respect to the matters set forth in the complaint.

The demurrer was heard at a Special Term held at Rochester, in December last, and it was overruled and leave given to defendant to answer on payment of costs. From that order the defendant appeals.

Prior to the passage of chapter 507 of the Laws of 1870, the town commissioners appointed by the county judge, pursuant to the prayer of the taxpayers, had no power to annex any conditions to the delivery of the bonds or to take any measures to protect the taxpayers against the improper use of the bonds or of the moneys realized therefrom. The taxpayers were left to the tender mercies of the railroad directors, and in many cases they were made to feel how utterly merciless they were. The chapter of the Laws of 1870 cited (*supra*), was intended to remedy, in some degree, this fatal omission in the prior enactments, by providing that the commissioners and the railroad company might enter into an agreement limiting and defining the times when, and the proportions in which, said bonds or their proceeds shall be delivered, and the place or places where and the purposes for which such bonds or their proceeds shall be applied or used, and the courts were forbidden to compel the delivery of the bonds or their proceeds to such corporation until such agreement should be executed if required by the commissioners.

This act was amended by section 5 of chapter 925 of the Laws of 1871, by adding to the first section of the said act a provision

authorizing the Supreme Court at General Term to provide, after notice to the commissioners and the railroad company, upon what terms the bonds or their proceeds should be delivered if the parties could not agree, or the commissioners refused to make an agreement for that purpose, and it was authorized also to compel the delivery of the bonds upon the terms prescribed by it, and it was also authorized to restrain by injunction the issue of said bonds or any portion thereof for good cause shown.

These acts were in force when the contract between Sherwood and the commissioners of Wayne was made, and had the commissioners entered into the agreement contemplated by these acts, $40,000 of the money of their fellow-townsmen might have been saved to them. Under these statutes the commissioners might have provided that the bonds should not be issued until the road was completed through their town, or no faster than it was completed therein, and providing for a delivery if the necessities of the company required it on the completion of each mile of the road within the town. But instead of entering into a valid contract in a lawful manner, they entered into one manifestly without any authority so to do, and with a person whose agreement was without any consideration to support it.

It is unnecessary to say that there is no authority, in either of the acts referred to, to the commissioners to enter into said contract, and it is equally manifest that the making of such contract was not necessary to the execution of the powers conferred on the commissioners to issue the bonds and subscribe for the stock, and unless the power was expressly conferred or necessarily to be implied in order to enable the commissioners to perform the duties imposed upon them, the power does not exist.

This is the rule applied to corporations (Dillon on Corporations, § 55 and note), and it is equally applicable to persons appointed to perform particular duties. In the absence of any agreement between the commissioners and the railroad company regulating the time and manner of issuing the bonds or delivering over their proceeds, the commissioners could not refuse to issue the bonds on demand made by the company. The duties of the commissioners were purely ministerial, except in making the contract authorized by the statute, and they could have been compelled

to execute and deliver the bonds or pay over their proceeds. If they could not refuse to execute and deliver the bonds, then they had neither power nor authority to require Sherwood to execute the contract set out in the complaint. (*Webb* v. *Albertson*, 4 Barb., 51.; *Palmer* v. *Fort Plain Plank Road Co.*, 1 Kern., 376)

The railroad directors were entitled to the bonds without executing and delivering any obligation whatever. And because Sherwood may have voluntarily executed and delivered the contract, it is none the less invalid on that account. The commissioners had no right to demand it, and when given it was without consideration to support it. (*Town of Verona* v. *Peckham*, 66 Barb., 103; *Lorillard* v. *Town of Monroe*, 1 Kern., 394.)

The orders of the Special Term must be reversed and judgment ordered for defendant on the demurrer.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order of Special Term reversed, and judgment ordered for defendant on demurrer.